# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. DERIC D. DAVIN, *Defendant.* | Case No. 12-10141-EFM |

## MEMORANDUM AND ORDER

The government brought this Motion for Reconsideration (Doc. 8) after the magistrate judge issued an order granting Defendant Deric Davin's release pending trial. Davin is charged by complaint of distributing and possessing child pornography. The government asks the Court to reverse the order granting Davin's release, arguing that Davin cannot overcome the presumption of detention set out in the Bail Reform Act of 1984. Because the distribution of child pornography is a violent crime committed against a minor victim, and there is no condition or combination of conditions that would guarantee the safety of the community in the event of Davin's release, the Court grants the government's motion and reverses the magistrate judge's order of release pending trial.

## I. Factual and Procedural Background

The government's motion for reconsideration came before the Court, without briefing, at a hearing held on June 18, 2012. The government provided the following recitation of the facts. Defendant Deric Davin was arrested on February 14, 2012, after an undercover law enforcement officer downloaded files Davin hosted on file-sharing applications. The officer discovered these files after performing a search for the term "pthc"—a term known to investigators and used by those who view child pornography to mean "preteen hardcore." Investigators traced the IP address from the file-sharing site to the residence Davin shared with his wife. A brief forensic review of the computers in the home revealed file-sharing software and images of child pornography. Davin made 104 files available to other users through file-sharing, and 12 of those files included the term "pthc" in the file name. Investigators took possession of the computers and a full forensic investigation is pending.

Davin agreed to talk with FBI agents. During that interview, he admitted that he used file-sharing software on his computer to download and share child pornography. Davin also said he copied the images and videos to multiple thumb drives, and would view the images several times per week for sexual gratification. Davin told investigators that he was most aroused by images of children around the ages of thirteen and fourteen, but that the images on his computer included children as young as three years old. The agents interviewing Davin reported that he had specialized knowledge of computers and was recently employed in the field of computer technology. Indeed, Davin was able to hide these behaviors from his wife and two prepubescent daughters.

Davin denied engaging in any recent contact offenses, but told the interviewing agents of an incident that occurred when Davin was in high school wherein he coerced a prepubescent

family member to engage in sexual contact. The government did not present any evidence corroborating Davin's description of this event.

The government charged Davin by complaint with two violations of federal law. Count 1 of the complaint alleges that Davin distributed child pornography over the internet using file-sharing software, in violation of 18 U.S.C. § 2252(a)(2), and Count 2 charges Davin with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). After a detention hearing held on June 13, 2012, Magistrate Judge Karen Humphreys found that Davin presented sufficient evidence that conditions of release could be imposed to permit his release pending trial. Judge Humphreys ordered that Davin be released, but stayed the order pending the government's appeal to this Court. Weighing the facts set forth by the government and Davin's proposed conditions of release in light of the Bail Reform Act of 1984, the Court now reverses Judge Humphreys's order for release, and instead orders that Davin be detained pending trial.

## II. Standard of Review

The government may seek review of a magistrate judge's order granting a defendant's release pending trial.[1] The district court must review such appeals promptly and de novo, making its own findings of fact and conclusions of law without granting deference to the magistrate judge's decision.[2] The district court must either incorporate by reference the record

---

[1] 18 U.S.C. § 3145(a)(1).

[2] *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); *United States v. Dozal*, 2009 WL 873011, at *1 (D. Kan. Mar. 27, 2009).

presented at the detention hearing held before the magistrate judge, or hold another hearing to allow the parties to present direct evidence or proffers in support or opposition to detention.[3]

### III. Analysis

Under the Bail Reform Act of 1984, a court must release a defendant from federal custody pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[4] In 18 U.S.C. § 3142(g), Congress set forth the following factors for courts to consider when deciding whether an individual should be granted pretrial release from custody:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

---

[3] 18 U.S.C. § 3142(f)(2)(B); *United States v. Price*, 2010 WL 5058535, at *1 (D. Kan. Dec. 6, 2010) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

[4] 18 U.S.C. § 3142(e)(1).

Generally, the government bears the burden of proving (1) a risk of flight by a preponderance of the evidence, and (2) the defendant's dangerousness by clear and convincing evidence.[5] Certain charged offenses, however, carry a rebuttable presumption of detention.[6] A defendant charged with that type of crime bears the burden of producing some evidence showing that the defendant's conditional release does not pose a risk of flight or danger to others.[7] Even so, "the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that [certain] offenders pose a special risk of flight and dangerousness to society."[8]

The complaint against Davin includes two charged offenses. Distribution of child pornography, as prohibited by 18 U.S.C. § 2252(a)(2), falls within those class of offenses that creates a rebuttable presumption of pretrial detention.[9] Davin argues that the presumption is rebutted by his lack of criminal history and the conditions that will be placed on his release, namely that he will reside with his parents in Manhattan, KS, and that he will not have any access to the internet. Reviewing the four factors enumerated in § 3142(g)(1–4) and recited *supra*, the Court finds that Davin has failed to overcome this presumption.

---

[5] *Cisneros*, 328 F.3d at 616.

[6] 18 U.S.C. § 3142(e)(2–3).

[7] *See Dozal*, 2009 WL 873011, at *2 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

[8] *United States v. Holmes*, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting *United States v. Hare*, 837 F.2d 796, 798–99 (5th Cir. 1989)).

[9] 18 U.S.C. § 3142(e)(3)(E).

First, considering the nature and circumstances of the offense charged, the Court finds that Davin is charged with violent crimes involving minor victims.[10] After all, child pornography is nothing more than pictorial evidence of crimes against children. Therefore, the first factor weighs in favor of detention.

Second, as is usually the case with child pornography offenses, the weight of the evidence proffered against Davin is significant. Although a complete forensic analysis of Davin's computer is pending, investigators report finding at least twelve files with names that include a recognized abbreviation for pornography involving prepubescent youth. The second factor thus weighs in favor of detention.

Third, Davin's history and personal characteristics weigh in favor of detention. Although Davin does not have a criminal history, he indicated to interviewers that he engaged in previous inappropriate sexual contact with a family member. But most troubling is Davin's knowledge of and familiarity with computers. Coupled with his ability to hide his behavior from family members in the past, the Court believes Davin's technological prowess poses a significant risk that he will engage in further illegal behavior if released from custody.

Finally, Davin's pretrial release poses a significant danger to the community. When enacting the Child Pornography Prevention Act of 1996, Congress found that "the existence of and traffic in child pornographic images creates the potential for many types of harm in the

---

[10] *See, e.g.*, *United States v. Fitzpatrick*, 44 Fed. App'x 653, at *1 (5th Cir. 2002) ("[P]ossession of child pornography was a 'crime of violence' within the meaning of 18 U.S.C. § 3142(f)."); *United States v. Crisman*, 2011 WL 5822731, at * (D. N.M. Nov. 15, 2011) (finding that a defendant charged with distribution and possession of child pornography using file-sharing software was charged with a crime of violence, despite the fact that there were "no allegations that [the defendant] engaged in illicit physical contact with a minor, or that he directly solicited a minor").

community and presents a clear and present danger to all children."[11] Although Davin assured the Court that his parents have removed all computers, internet access, and smartphones from their residence, his ability to conceal illicit activity from his wife and children affords little comfort from Davin's assurances. Because there is a high risk that Davin will further possess and/or distribute child pornography while on pretrial release, the Court finds that he poses a serious danger to the public at large. Therefore, the fourth factor weighs in favor of detention.

In sum, all four factors enumerated in 18 U.S.C. § 3142(g) weigh in favor of Davin's detention. Consequently, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the public. The magistrate judge's order granting Davin's release pending trial is therefore reversed.

**IT IS ACCORDINGLY ORDERED** this 20th day of June, 2012, that the government's Motion for Reconsideration of Magistrate's Detention Order (Doc. 8) is hereby **GRANTED**, and it is further ordered that Defendant Deric D. Davin remain in federal custody pending trial.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] Pub. L. No. 104-208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251).